**Clyde E. GRAVES, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 94–915.**

United States Court of Veterans Appeals.

July 31, 1995.

Before KRAMER, HOLDAWAY, and STEINBERG, Judges.

## ORDER

PER CURIAM.

The appellant appeals an August 29, 1994, decision of the Board of Veterans' Appeals (BVA) which found that new and material evidence had not been submitted to reopen a claim for service connection for hypertension. During the course of his appeal to the BVA, the appellant stated that his VA doctor had reviewed his military records and found continuity with his present condition. VA did not act in response to this statement.

In his brief filed on April 24, 1995, the appellant argues that the Secretary had an obligation under 38 U.S.C. § 5103(a) to advise him as to the evidence he needed to reopen his claim. He argues that the Secretary had an obligation to advise him to get a direct statement from his VA doctor. To support his argument, the appellant has cited *Robinette v. Brown,* No. 93–985, 1994 WL 495078 (Sept. 12, 1994), *mot. for recons.*

*granted* (Oct. 21, 1994). The Court notes that *Robinette* was reissued on July 14, 1995, with a modified opinion that replaced the September 12, 1994, opinion. The Court further notes that *Robinette* dealt with the applicability of section 5103(a) in the context of an original claim, and that the instant case involves a claim to reopen.

Upon consideration of the foregoing, it is

ORDERED that the appellant, within 30 days after the date of this order, may file with the Court and serve on the Secretary a memorandum of law addressing whether, in light of *Robinette v. Brown,* 8 Vet.App. 69 (1995), the Secretary had an obligation under 38 U.S.C. § 5103(a) to advise the appellant as to the evidence he needed to reopen his claim. It is further

ORDERED that the Secretary, within 30 days after service of the appellant's memorandum, may file a reply.